**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-00310-ALM-AGD |
| | § | |
| DONALD HARRINGTON (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Donald Harrington's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on October 15, 2026, to determine whether Defendant violated his supervised release. Defendant was represented by Philip Ray. The Government was represented by Ashlyn Scott.

Defendant was sentenced on May 29, 2025, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Receipt of a Firearm Shipped or Transported in Interstate or Foreign Commerce while under Indictment, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of I, was 10 to 16 months. Defendant was subsequently sentenced to Time Served followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, credit restrictions, substance abuse testing and treatment, and a $100 special assessment. On May 29, 2025, Defendant completed his period of imprisonment and began service of the supervision term.

On October 6, 2026, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #76, Sealed). The Petition asserts that

Defendant violated four (4) conditions of supervision, as follows: (1) Mandatory Condition Defendant must refrain from any unlawful use of a controlled substance; (2) Special Condition Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; (3) Standard Condition Defendant must follow the instructions of the probation officer related to the conditions of supervision; and (4) Standard Condition If he is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours. (Dkt. #76 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On February 4, 2026, Defendant submitted a positive urine specimen for marijuana at the U.S. Probation Office in Plano, TX, and he verbally and in writing admitted use. The specimen was subsequently confirmed positive by the national lab; (2) On June 21, 2025, Defendant completed a substance abuse evaluation at McCary Counseling in Denton, Texas and was recommended to participate in bi-weekly individual substance abuse counseling. Defendant failed to attend his treatment sessions as directed. In March and April 2026, Defendant attended only one treatment session. In May and June 2026, Defendant did not attend any treatment sessions. In July 2026, Defendant attended only one treatment session, and in August 2026, Defendant failed to attend either of his required treatment sessions. On September 10, 2026, Defendant was unsuccessfully discharged from treatment due to his failure to schedule and attend his treatment sessions as directed. As such, Defendant failed to participate in the substance abuse treatment program. Additionally, Defendant failed to submit urine specimens at McCary Counseling Services in Denton, Texas, as instructed and as part of the U.S. Probation Office's random drug testing program on July 30, August 25,

September 6, December 29, 2025; and January 6, March 27, May 4, June 4, July 7, August 5, and August 31, 2026; (3) On February 4, 2026, Defendant met with Supervising U.S. Probation Officer Lizette Ramos regarding his difficulty attending substance abuse treatment and drug testing due to his work schedule. Defendant was instructed to accommodate his work schedule to ensure he attended all required treatment sessions and drug tests. Defendant was further instructed to attend all treatment sessions in person due to his continued substance use. Defendant stated he understood the instructions and advised he would work his schedule around his required treatment sessions and drug tests. Despite these instructions, Defendant continued to miss required drug tests and failed to schedule or attend his required treatment sessions, which ultimately resulted in his unsuccessful discharge from treatment on September 10, 2026; and (4) On May 1, 2026, Defendant was involved in a traffic stop conducted by the Oak Point Police Department in Oak Point, Texas. During the stop, Defendant was issued warnings for inoperable license plate light and expired registration. Defendant failed to report this law enforcement contact to the U.S. Probation Office as required. (Dkt. #76 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to all allegations in the Petition. Having considered the Petition and the plea of true to all allegations, the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to

be imprisoned for an additional term of four (4) months with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 4th day of November, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE